[No. 13258.   Department One.   June 20, 1917.]

ROGER MARCHETTI, *Respondent*, v. SAN FRANCISCO OYSTER HOUSE,
*Appellant*.[1]

Appeal from a judgment of the superior court for King county,
Smith, J., entered April 2, 1915, upon the verdict of a jury rendered
in favor of the plaintiff, in an action on contract.   Affirmed.

*Tucker & Hyland*, for appellant.

PER CURIAM.—Roger Marchetti, the plaintiff, brought an action
against the defendant corporation, San Francisco Oyster House,
basing his cause of action upon a contract of employment evidenced
by the record of a resolution entered in defendant's minute book, as
follows:

"Resolved, that Roger Marchetti be employed as counsel for the
company, and that he receive for his services as secretary and counsel
of the company the sum of $25 per month."

This minute was signed by Jack Barberis, president, and by
Roger Marchetti, secretary, those two being the only stockholders
and officers in the corporation, Barberis holding ninety-nine shares
and Marchetti one share.

The plaintiff claimed the sum of $725 for salary and $91.05 for
advances made the defendant, less payments received in the sum of
$141.25, leaving a balance due plaintiff of $674.80.   The defendant
answered there was but $275 due plaintiff on account of salary, in-
asmuch as he had been discharged after a service of eleven months,
on which defendant should be credited in the sum of $211 for moneys
paid plaintiff.   By way of cross-complaint, defendant alleged plaintiff
was indebted to it in the sum of $212.10 for meals, board, and room,
in the sum of $86 for moneys converted, and in the sum of $5 for
money loaned.   The reply admitted the indebtedness of plaintiff for
the item of $86, but denied all other allegations of the cross-com-
plaint.   On the trial the plaintiff admitted the counterclaim of
$212.10 for meals furnished.   The cause was tried to a jury, which
returned a verdict in favor of plaintiff for $216.40.

The defendant appeals, assigning as error, first, the denial of its
motion for an instructed verdict for defendant; and second, the
giving of the following charge to the jury:

"It will first be your duty to determine whether or not there was
a contract made between the plaintiff and defendant corporation in
the month of December, 1911.   If you determine there was such a
contract made, what was that contract?   Was it a contract as
claimed by the plaintiff at $25 for services as secretary and attorney

[1]Reported in 165 Pac. 657.

for the corporation and not terminable at any agreed time whatever? Or, if there was a contract made for a period not to exceed one year?"

We do not find any error in the record under these assignments. There was sufficient evidence to carry the case to the jury, and the instruction was proper under the issues and evidence in the case.

The judgment will be affirmed.